IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TRAVIS DENORRIS ARNOLD,        )
                               )
            Petitioner,        )
                               )    1:10CV892
    v.                         )    1:08CR322-1
                               )
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )


**ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Travis Denorris Arnold, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, as well as a motion to amend that motion to add further claims.[1] (Docket Nos. 80, 86.)[2] Petitioner was indicted on, and convicted at trial of, a single count of bank robbery in violation of 18 U.S.C. § 2113(a). (Docket Nos. 1, 48.) He was then sentenced to 230 months of imprisonment. (Docket No. 56.) Petitioner did pursue a direct appeal, but his conviction and sentence were upheld.

---

[1] Respondent has not opposed the motion to amend and has, in fact, answered the claims on their merits. Therefore, the motion to amend will be granted.

[2] This and all further cites to the record are to the criminal case.

(Docket Nos. 75-79.) He then filed his current motion under § 2255.[3] Respondent has filed a response to the motion and amended motion (Docket No. 101), Petitioner has filed a reply (Docket No. 103), and the matter is now before the Court for a ruling.[4] *See* Rule 8, Rules Governing Section 2255 Proceedings.

### **PETITIONER'S CLAIMS**

Petitioner's original motion raises several claims for relief, most of which are based on ineffective assistance of counsel. His first claim is that counsel did not investigate or challenge alleged procedural deficiencies in the indictment. Petitioner questions whether the indictment was returned by a grand jury convened on a regular term of court, returned in open court, concurred with by at least twelve jurors, and signed by the foreperson. Next, Petitioner contends that counsel failed to challenge whether or not the indictment alleged all of the essential elements of bank robbery. Petitioner then faults counsel for failing to file a motion for discovery, failing to file a motion to suppress statements made by Petitioner, and failing to object to certain statements and reports and have them excluded from evidence. Finally, in addition to the ineffective assistance claims, Petitioner also argues that the evidence against him was insufficient to support a conviction. In the amendment to his

---

[3] While his appeal was still pending, Petitioner filed a motion to have the Court review or produce grand jury records from his case. (Docket No. 74.)

[4] There is also one further pending motion. Prior to filing its response, Respondent filed an eighth motion seeking an extension of time to file its response. (Docket No. 100.) That motion will be granted and the response is deemed timely filed.

motion, he adds a claim that this Court did not have jurisdiction over the case. He also faults counsel for failing to raise this point.

In addition to the claims raised in Petitioner's motion and amended motion, Petitioner continues to raise new claims of ineffective assistance of counsel in his reply brief. He asserts that certain witnesses and evidence were not presented to the grand jury, that he was not identified by witnesses to the robbery, that his attorney did not understand the indictment against him, and that his co-defendant did not testify against him.

**Discussion**

As already noted, most of Petitioner's claims are based on allegations of ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for

counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Throughout his pleadings Petitioner repeatedly faults counsel for not challenging his indictment. He first contends that counsel should have objected to the indictment based on perceived flaws in the grand jury process. All of Petitioner's allegations regarding flaws in the indictment are based on either pure speculation or simple misunderstandings. Petitioner first contends that the grand jury may not have followed the dictates of Fed. R. Crim. P. 6(f), which requires that the indictment must be returned to a magistrate judge in open court and that twelve jurors must concur in the indictment. Petitioner speculates that this may not have occurred, but he supports his speculation with absolutely no evidence whatsoever. Further, this indictment, as with all indictments in this Court, was returned to the undersigned Magistrate Judge in open court after at least twelve jurors concurred. This is confirmed by an affidavit from the court reporter who was present for the return. (Docket No. 101, Ex. C.) There was no basis upon which counsel could have filed a challenge or raised an objection.[5]

Petitioner also claims that the indictment was not signed by the foreperson of the grand jury. This appears to be based on misunderstanding of the record. The copy of the indictment placed in the record was signed by the foreperson, but that person's signature has

---

[5] There is also no reason for the Court to review or produce the grand jury records. Petitioner's motion seeking those things will be denied.

been redacted. (Docket No. 1.) This is standard practice in the Court. Nothing was amiss with the indictment in Petitioner's case.

Petitioner asserts in his reply brief that not all of the potential witnesses and evidence against him were presented to the grand jury prior to his indictment. This is another misunderstanding, this time based on a misapprehension of the law. There is no requirement that all possible evidence against a defendant be presented to the grand jury or, for that matter, even at trial. This defeats not only Petitioner's claim that not all of the possible evidence was presented to the grand jury, but also his contention in his reply brief that his co-defendant did not testify against him and/or that other evidence was not presented at trial. Again, there was nothing for counsel to have challenged on these points.

In addition to issues surrounding the presentment of the indictment and the presentation of evidence, Petitioner also claims that counsel should have contested the indictment based on a failure to plead all of the elements of the offense and a lack of jurisdiction in the case. Neither of these claims has merit. The indictment states that Petitioner "by force and violence and by intimidation, did take from the presence of a bank employee, money in the approximate sum of $865.00 belonging to and in the care, custody, control, management and possession" of a bank in Salisbury, North Carolina, which was insured by the Federal Deposit Insurance Corporation. (Docket No. 1.) It also states that all of this was in violation of 18 U.S.C. §§ 2113(a) and 2. These are the elements of bank robbery and are the same elements charged to the jury. (Docket No. 68 at 13.)

Petitioner complains that the indictment did not allege that he acted with "knowledge," "intent," or "willfully," or that he did not have permission to take the money. Although all of this is true, it is also not required. The indictment tracks the language of § 2113(a), which does not include anything about knowledge, intent, acting willfully, or a lack of permission. An indictment which tracks the language of the statute alleged to have been violated is ordinarily sufficient. *United States v. Whorley*, 386 F. Supp. 2d 693, 699 (E.D. Va. 2005)(citing *United States v. Wicks*, 187 F.3d 426, 427 (4th Cir.1999)) . Petitioner has produced nothing to show that the indictment in this case was required to include the language he suggests or that it did not set out the elements of bank robbery.[6] As for jurisdiction, the indictment alleged that Petitioner violated a criminal statute of the United States in this District. This was sufficient to establish jurisdiction. U.S. Const. art. III, § 2. Similar to Petitioner's grand jury claims, there was simply nothing upon which counsel could have based any challenge to the indictment. Counsel did not fall short of the standards for reasonable representation or prejudice Petitioner by not raising these frivolous arguments. These claims should be denied. Likewise, any substantive claims that Petitioner is

---

[6] Petitioner lists a number of cases on pages 7 and 8 of his original § 2255 motion and appears to believe that they require "knowingly," "willfully," etc., to be included in the indictment. (Docket No. 80 at 7-8.) There is no need to discuss them in detail, as none of them involve bank robbery or violations of 18 U.S.C. § 2113 or impose a blanket rule that all crimes involve these elements.

attempting to raise based on the grand jury proceedings, the sufficiency of the indictment, or a lack of jurisdiction should also be denied.

The next remaining claim is that counsel did not file a motion for discovery and that, had he done so, he would have discovered "any and all statements that were made against Petitioner or allegedly made by Petitioner, so that the he could have filed yet another dispositive motion to suppress said statements." (Docket No. 80 at 9.) It is true that counsel did not file a motion for discovery. However, as he explains in an affidavit filed with Respondent's response, he did not file a discovery motion because the United States Attorney's Office in this District has a long-standing open file policy under which defense counsel can review the prosecution's file. Counsel did review the file. (Docket No. 101, Ex. B, ¶ 5.) He also learned about Petitioner's statements, including a signed statement given to police and a statement to his probation officer, through the file and through his interviews with Petitioner and the probation officer. However, as will be discussed in more detail in relation to Petitioner's next claim, he decided that no motion to suppress was warranted based on what he learned. (*Id*. ¶¶ 5, 6, 7.) Petitioner points to no additional statements by or against him that were not known to his attorney through his review of the government's file. Nor does he explain how learning of any unknown statements would have led to a successful motion to suppress. His claim is conclusory, meritless, and should be denied.

Petitioner's next claim is that his attorney should have filed a motion to suppress his statements to police. He advances multiple possible reasons for doing this. The first is that

he was arrested without probable cause. He claims that this tainted all further statements he gave to police. According to Petitioner, his vehicle was stopped by police because it resembled one that was reportedly used in the bank robbery for which he was eventually charged. However, he argues that he and his passenger did not resemble the description that had been given of the robber. Also, he and the vehicle were searched with consent and nothing incriminating was found. Finally, one of the bank tellers was brought to the scene and was unable to identify the men as the robber. Nevertheless, Petitioner was still arrested. He claims that this arrest occurred without probable cause.

"Under the Fourth Amendment, if supported by probable cause, an officer may make a warrantless arrest of an individual in a public place." *United States v. Humphries*, 372 F.3d 653, 657 (4th Cir. 2004)(citing cases). "'Probable cause' sufficient to justify an arrest requires 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Id*. (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).

Petitioner's attorney states in his affidavit supporting Respondent's response brief that:

> My examination of the discovery revealed that the Salisbury police arrived on the scene to a reported bank robbery. A description of the get-away vehicle was given to the police by a witness. Minutes later a vehicle fitting the witness' description was stopped. The vehicle was confirmed as the get-away vehicle by the witness. While detained, the Defendant's co-defendant informed

police that the defendant threw a bag in a trash can near the scene. The Officer and co-defendant went to the trash can and retrieved the bag. The bag contained a sweatshirt which was part of the bank teller's description of the robber. Based on this information and evidence, the officer detained the Defendant and co-defendant.

(Docket No. 101, Ex. B, ¶ 7.)

Here, considering the totality of the circumstances, there were sufficient factors to allow for Petitioner's arrest on suspicion of bank robbery. Petitioner's vehicle fit the description of the get-away vehicle and was identified by a witness. Also, it was located close in time to the bank robbery coming out of a side street onto the road where it had last been observed fleeing the scene of the robbery. (Docket No. 69 at 76-78.) The vehicle's subsequent identification as the get-away vehicle by the witness, coupled with the discovery of clothing that fit the description of the clothing used in the robbery being found in the trash exactly as Petitioner's co-defendant stated then provided probable cause for Petitioner's arrest.[7] Any motion filed contesting the arrest would have been without merit given these facts. Counsel's performance did not fall below that of a reasonable defense attorney in not filing a meritless motion and, in any event, could not have prejudiced Petitioner.

---

[7] Petitioner focuses heavily on what evidence police did not have at the time of his arrest, particularly the lack of an eye witness who could identify him as the robber. (Docket No. 80 at 10.) However, probable cause analysis turns on whether the evidence that police did have was enough to justify their actions, not on what evidence that they did not have or what further evidence they could have potentially gathered.

Petitioner's next argument in favor of a suppression motion is that counsel should have moved to suppress the statements he made to police and his probation officer following his arrest. He states in his § 2255 motion that he never signed a waiver of his rights, that he maintained his innocence to police, that his co-defendant was brought into the interview room "yelling and mouthing off" at him, and that police allege that he then changed his story and confessed to the bank robbery. He challenges this by stating that:

> [T]his so called written confession was not written in the Petitioner's own handwriting, there was not another person in the room to verify that the Petitioner signed the so called written confession, there was no audio or video tape of this confession, and there was no sworn notarized signature of the confession, in fact Petitioner has maintained his innocence and never signed a written statement or waiver of Miranda rights.

(Docket No. 80 at 11.) Regarding his statement to his probation officer, he maintains that he contacted his probation officer by telephone and informed her that he had contact with the police and that they were charging him with bank robbery. However, he denies admitting guilt. He states that the officer never interviewed him or obtained a written statement of guilt. He also states that it is "well known" that telephone calls from police custody are taped and faults the government for not introducing the tape of his conversation with his probation officer. (*Id.* at 12-13.) Petitioner appears to be arguing that his attorney should have suppressed his statements on two grounds: (1) that they were not made and (2) that if they were made, they were improperly coerced.

-10-

Again, Petitioner incorrectly focuses on what was not done or not introduced into evidence in an attempt to deflect the analysis from the evidence that was introduced. However, there is no requirement that his statements be in his writing, signed, taped, witnessed by more than one person, or notarized. These factors may play a part in the analysis of whether a motion to suppress should have been filed, but are by no means dispositive. What matters instead are whether the government had witnesses willing to corroborate the fact that the statements were made and, if so, whether or not the statements were legally obtained.

The first point, whether or not the statements were made, would have been an extremely difficult win through a motion to suppress. The government had witnesses, in the form of two law enforcement officers and a probation officer, who testified at trial that Petitioner made the incriminating statements and/or voluntarily waived his rights. (Docket No. 69 at 90-92, 144-148, 159-162.) The only apparent way for Petitioner to have countered this same testimony at a pretrial hearing would have been to take the stand himself and contradict all three witness's testimony. He did not take the witness stand to contest the statements at trial, and does not explain how or why he would have done so at any suppression hearing. Further, even if he had, this would have merely resulted in a credibility issue that would have been left to the jury. His attorney had no way to suppress the statements on the basis that they were not made by Petitioner.

As for whether the statements were illegally coerced, a court determining that matter would have had to decide "'whether the confession was extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence.'" *United States v. Byers*, 649 F.3d 197, 215 (4th Cir.), *cert. denied*, ___ U.S. ___, 132 S. Ct. 468 (2011)(quoting *Hutto v. Ross*, 429 U.S. 28, 30 (1976)). "Of course, '[t]he mere existence of threats, violence, implied promises, improper influence, or other coercive police activity ... does not automatically render a confession involuntary. The proper inquiry is whether the defendant's will has been overborne or his capacity for self-determination critically impaired.'" *Id*. (quoting *United States v. Braxton*, 112 F.3d 777, 780 (4th Cir.1997)).

Petitioner's only argument in favor of coercion was that his co-defendant was allowed to enter the same interview room in the police station "yelling and mouthing off at the Petitioner." (Docket No. 80 at 11.) This description contradicts the description of Petitioner's co-defendant's demeanor which was given by a police officer at trial. The officer described the co-defendant as upset, crying, talking "a little louder than normal conversation," and talking louder than Petitioner, but not yelling. (Docket No. 69 at 140.) There is also no indication that the co-defendant remained in the room while Petitioner gave his confession, reviewed it, made and initialed at least one change to it, and signed it. (*Id*. at 142-148). Petitioner's attorney would have had no viable grounds for arguing that Petitioner's "will [had] been overborne or his capacity for self-determination critically

impaired" so that his confession was involuntary merely because his co-defendant was upset with him earlier. Petitioner cannot establish either of the *Strickland* prongs as to his suppression claim and it should be denied.

Petitioner next argues that counsel should have objected to the testimony of the police officer and his probation officer because they falsely stated that he waived his rights and confessed to the bank robbery. He also claims that counsel should have objected to the introduction of his written confession for the same reasons. This claim is frivolous. The fact that Petitioner denies the statements, had it been introduced into evidence, would have raised credibility questions for the jury to decide. However, counsel cannot simply object to testimony or an exhibit by stating, particularly without proof, that it is not true. This claim should be denied for failure to establish either requirement of *Strickland*.

The last claim raised by Petitioner in his original motion is that there was insufficient evidence to support his conviction. This claim easily fails. In a post-conviction proceeding the standard of review for a claim of insufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original). A court reviewing the sufficiency of the evidence "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). It has

further been held that "circumstantial evidence may support a verdict of guilty, even though it does not exclude every reasonable hypothesis consistent with innocence." *United States v. George*, 568 F.2d 1064, 1069 (4th Cir. 1978). Here, Petitioner made a motion to dismiss for insufficiency of the evidence at the close of the government's case. It was denied by the trial judge for the reasons set out in the trial transcript. (Docket No. 69 at 164-66.) For those same reasons, Petitioner's current claim should be denied.

Finally, in his reply brief, Petitioner continues to complain that the bank tellers who witnessed the robbery could not identify him and asserts that his attorney did not understand the indictment against him. His first assertion, although correct, is irrelevant. While the bank tellers could not identify him due to the clothing worn during the robbery, the other evidence already discussed, not the least of which was his multiple confessions, was sufficient to convict him. As for his attorney's understanding of the indictment, Petitioner points to a discussion just prior to trial about whether or not the indictment covered a theory of aiding and abetting bank robbery. (Docket No. 68 at 4-5; Docket No. 69 at 15-16.) Although Petitioner's attorney did express some confusion on this point, he also stated that he was ready for trial. (Docket No. 68 at 5.) Petitioner has not pointed to any later lack of proper representation or any prejudice that was tied to this initial confusion. This claim, along with all of Petitioner's claims, should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion for the Court to review or produce grand jury records (Docket No. 74) is **DENIED**, that Petitioner's motion to

amend (Docket No. 86) is **GRANTED**, and that Respondent's eighth motion for an extension of time to file its response (Docket No. 100) is **GRANTED**.

**IT IS RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 80), as amended, be denied and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: January 31, 2012